**BOYETTE v. BRADLEY et al.   (6 Div. 989.)**

(Supreme Court of Alabama.   May 29, 1924.)

**1. Appeal and error ⚖⟳1079—Assignments of error not insisted upon not considered.**

Assignments of error predicated on refusal of charges not sufficiently insisted on will not be considered.

**2. Negligence ⚖⟳140—Instruction denying recovery for injuries resulting from mere accident held proper.**

A charge that, if plaintiff sustained injuries as proximate result of mere accident, verdict should be returned for defendant, was proper though there were allegations of simple and subsequent negligence and wantonness contained in separate counts.

**3. Negligence ⚖⟳11—Elements of wanton negligence stated.**

Before there can be recovery for wanton negligence, there must be shown facts evidencing an intention to do or not to do an act with knowledge of its probable consequences.

**4. Trial ⚖⟳237(6)—Instruction to individual satisfaction of juror held proper.**

Instruction that, if after a fair consideration of all evidence any individual juror is not reasonably satisfied therefrom "that plaintiff is entitled to a verdict in his favor, you cannot find for him," was proper.

**5. Appeal and error ⚖⟳216(2)—Instruction as to verdict where mind in state of confusion held not reversible error.**

A charge that, if after a fair consideration of all evidence juror's mind is left in state of confusion as to whether or not plaintiff is entitled to recover, it was jury's duty to return verdict for defendants, held not reversible error though containing misleading tendencies, which might have been explained by counter-charge.

**6. Negligence ⬡141(8) — Charges on sole proximate cause not limited to simple initial negligence, held erroneous.**

Charges given for defendants on sole proximate cause, and not limited to simple initial negligence, *held* erroneous as permitting initial negligence of plaintiff to bar recovery for subsequent negligence or wanton act or omission of defendants.

**7. Negligence ⬡100—Contributory negligence no defense to count charging wantonness.**

There can be no plea of contributory negligence to a count charging wantonness.

**8. Street railroads ⬡103(3)—Initial negligence no bar to recovery for subsequent negligence.**

Initial negligence of plaintiff's automobile driver may not be bar to recovery for defendants' subsequent negligence nor to their wanton act or omission.

**9. Street railroads ⬡90(4)—Motorman may assume driver of automobile will look.**

Motorman of street car may presume that adult driver of automobile driving toward track for purpose of crossing will look for approaching cars before entering upon track until it becomes reasonably apparent to contrary from conduct of automobile driver.

**10. Street railroads ⬡118(11) — Instruction held not to exact too high a degree of proof of automobile driver's care upon street car track.**

Charges given at defendant's request *held* not to exact too high a degree of proof of plaintiff as to duty of driver of his automobile immediately before driving upon street car track.

**11. Street railroads ⬡99(1)—Care required of traveler.**

There is no iron-bound rule by which to judge a discharge of duty of due care before driving on street car track other than that imposed by particular circumstances and conditions entering therein and that should govern acts of a reasonably prudent man.

**12. Witnesses ⬡268(1)—Witness held properly cross-examined as to employment.**

Where plaintiff's witness testified that he was passenger on street car which collided with plaintiff's automobile, that it was racing with a jitney, and that he did not see automobile before it was hit, he was properly cross-examined as to what jobs he had, after having testified that he had been in city for four or five months prior to accident.

**13. Evidence ⬡473—Testimony held not objectionable as expression of imagination.**

Witness *held* to have given his best recollection or judgment as to collision between street car and automobile, and his testimony as to how far car ran after collision, and as to signs that the automobile had been dragged, was not objectionable as giving expression to his imagination.

Sayre and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Willie F. Boyette against Lee C. Bradley and J. S. Pevear, as coreceivers of the Birmingham Railway, Light & Power Company, to recover damages for personal injuries alleged to have been received when a street car collided with the automobile in which he was driving. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Plaintiff's witness Adams testified that he was a passenger on the street car which collided with plaintiff's automobile; that it was running about 40 miles an hour, racing with a jitney; that he did not see the automobile before it was hit, but saw it afterwards.

On cross-examination he testified that he had only known the Boyettes since the accident; that he was painting at the time and had done one job for a Mr. Jones; that he had been in Birmingham for four or five months prior to the accident, and had not been painting all the time.

Over plaintiff's objection the witness was asked what other jobs he had had, and replied that he had had four or five different ones—painting a dwelling on Third avenue and working for the Frisco Railroad as a deputy under the sheriff during the strike.

Other evidence for the plaintiff tended to show that his car started to turn and cross the street car track; that the congestion of traffic forced his car to stop on the track; and that it was struck by the rapidly approaching street car.

The tendency of defendant's evidence was that the driver of plaintiff's car turned around upon the track, in the middle of the street, and was moving at the time of the impact; that the street car was traveling 20 to 25 miles an hour, and that there was no congestion of traffic or anything to obstruct the view of the approaching street car by plaintiff's driver.

Defendant's witness Daniels testified that he was driving in an ambulance near the scene of the accident; that he witnessed the collision; that plaintiff's car was turning around in the middle of the street, and across the track, that it was moving when struck; that he observed no congestion or obstruction to plaintiff's driver's view.

Over plaintiff's objection and motion to exclude, this witness was asked how far, in his judgment, the street car ran after the collision, and answered:

"I stopped there as I came on back, * * * and looked, and * * * I don't think the car ran over— The car stopped, I imagine, about 20 or 30 feet, not over 35 feet."

The witness further testified that there were signs of the automobile having been dragged, and that he based his judgment upon these signs.

The following charges were given at defendants' request:

"3. The court charges the jury that, if you believe from the evidence that the plaintiff sustained his injuries as the proximate result of a mere accident, it is your duty to return a verdict in favor of the defendants."

"6. The court charges the jury that, if you believe from the evidence that the driver of the automobile in which plaintiff was riding on the occasion of the collision between the automobile and the street car was guilty of negligence and that such negligence on his part was the sole proximate cause of plaintiff's injuries, it is your duty to return a verdict in favor of the defendants."

"7. The court charges the jury that if you believe from the evidence that the plaintiff's brother, in driving the plaintiff's automobile onto or near the defendant's track was guilty of negligence and that such negligence on his part was the sole proximate cause of plaintiff's injuries, it is your duty to return a verdict in favor of the defendants.

"8. The court charges the jury that the driver of the automobile in which plaintiff was riding, in approaching the defendants' track for the purpose of crossing it, was under the duty to keep a continuous lookout for approaching street cars before entering upon the track, or so near thereto as that a passing street car would strike said automobile."

"9. The court charges the jury that the motorman of a street car operating same in a proper manner has the right to presume that an adult driver of an automobile driving toward the street railroad track for the purpose of crossing same will look for approaching street cars before entering upon the track until it becomes reasonably apparent to the contrary from the conduct of such driver of such automobile."

"12. The court charges the jury that it was the duty of the driver of the automobile in which plaintiff was riding before driving onto the defendants' track to first look in both directions for approaching street cars, and a failure so to do, if you believe from the evidence there was such failure, constitutes negligence on his part."

"13. I charge you, gentlemen of the jury, if you believe from the evidence that the plaintiff's brother in charge of the automobile in which plaintiff was riding was negligent in running the automobile onto or dangerously near the defendants' street car track in front of the defendants' street car, and that this negligence on his part was the sole proximate cause of the collision and plaintiff's injuries, then you should find a verdict in favor of the defendants."

"14. The court charges the jury that the motorman of a street car operating same in a proper manner has the right to presume that an apparent adult person approaching the track in an automobile with the purpose of crossing the track will exercise reasonable care in driving the automobile across the track, and he has the right to indulge this presumption until it becomes reasonably apparent to him that said person is heedless or unaware of danger."

"15. The court charges the jury that it was the duty of the driver of the automobile in which plaintiff was riding to keep a continuous lookout for approaching street cars before attempting to drive across defendants' track, and a failure to keep such lookout, if you believe from the evidence there was such failure, constitutes negligence on his part."

"17. I charge you, gentlemen of the jury, that it was the duty of the driver of the automobile in which plaintiff was riding before driving onto the defendants' track for the purpose of crossing it to look in both directions for approaching street cars, and a failure on his part so to do, if you believe from the evidence that there was such a failure, constitutes negligence on his part, and the court further charges the jury that if you believe from the evidence that such negligence on his part was the sole proximate cause of the collision and plaintiff's injuries, then your verdict must be in favor of the defendants."

Black, Harris & Foster, of Birmingham, for appellant.

"Mere accident" and "pure accident" are terms often used, when it is desired to repel the idea of negligence, and are equivalent to the words "not by defendant's negligence." 1 C. J. 393; Webb v. Baldwin, 165 Mo. App. 240, 147 S. W. 849; Randle v. B. R., L. & P. Co., 169 Ala. 314, 53 South. 918. The burden of proof is never upon the plaintiff to disprove the allegations of a plea of contributory negligence. City of Montgomery v. Wyche, 169 Ala. 181, 53 South. 786; R. R. Co. v. Crocker, 95 Ala. 412, 11 South. 262; R. R. Co. v. Chambers, 79 Ala. 338; 10 Michie's Ala. Dig. 612. The jury is not required to believe the plaintiff is entitled to recover to such an extent that there is no doubt or confusion with regard thereto. L. & N. v. Penick, 8 Ala. App. 558, 62 South. 965; A. G. S. v. Robinson, 183 Ala. 265, 62 South. 813; Robinson v. Crotwell, 175 Ala. 194, 57 South. 23. An allegation of nonliability to a wanton count, predicated as the sole proximate consequence of the plaintiff's contributory negligence, a defense to a wanton count, and therefore is bad, and not reversible error. Allen v. Birmingham So. R. R. Co., 210 Ala. 41, 97 South. 93; Grauer v. A. G. S., 209 Ala. 568, 96 South. 915; Renfroe v. Collins, 201 Ala. 492, 78 South. 395. The motorman of a street car may not presume an adult driver of an automobile will look for approaching street cars before attempting to cross the track, beyond the point where prudence would suggest stopping the street car. Anniston Elec. & Gas Co. v. Rosen, 159 Ala. 203, 48 South. 798, 133 Am. St. Rep. 32; Sington v. B. R., L. & P. Co., 200 Ala. 282, 76 South. 48; 22 R. C. L. 991. The driver of an automobile, approaching a street car crossing, has other duties to perform, and is not required to keep a continuous lookout for approaching street cars. R. R. Co. v. Williams, 202 Ala. 496, 80 South. 880. A witness, when he takes the stand, should at all times be protected by the court from questions which tend in any way to subject him to needless embarrassment, humiliation, or ridicule. Roden v. State, 3 Ala. App. 190, 58 South. 74; Amos v. State, 96 Ala. 125, 11 South. 424; Downey v. State, 115 Ala. 108, 22 South. 479.

Tillman, Bradley & Baldwin, E. L. All, and John S. Coleman, all of Birmingham, for appellees.

It is not error to give written instructions at the request of the defendant to the effect that, if plaintiff's injuries were the proximate result of a mere accident, there could be no recovery. Norwood Transp. Co. v. Crossett, 207 Ala. 222, 92 South. 463; City Ice Delivery Co. v. Lecari, 210 Ala. 629, 98 South. 901. An instruction, given at the request of the defendant, to the effect that, if any individual juror was not reasonably satisfied from the evidence that plaintiff was entitled to recover, there could be no verdict rendered for plaintiff, is a correct statement of the law. B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 South. 1024; B. R., L. & P. Co. v. Humphries, 171 Ala. 291, 54 South. 613; B. R., L. & P. Co. v. Saxon, 179 Ala. 136, 59 South. 584. The defendant was entitled to an instruction to the effect that, if the driver's negligence was the sole proximate cause of plaintiff's injuries, there could be no recovery. Allen v. Birmingham So. R. R. Co., 210 Ala. 41, 97 South. 93; Grauer v. A. G. S. Co., 209 Ala. 568, 96 South. 915; Renfroe v. Collins, 201 Ala. 489, 78 South. 395; Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 South. 642; Birmingham Ry. & P. Co. v. Ely, 183 Ala. 382, 62 South. 816; Montgomery Street Ry. Co. v. Rice, 142 Ala. 674, 38 South. 857; Birmingham So. R. Co. v. Harrison, 203 Ala. 284, 82 South. 534. A motorman operating a street car has a right to presume that a person crossing tracks in front of the car will exercise reasonable care before attempting to cross. Schneider v. Mobile L. & R. Co., 146 Ala. 347, 40 South. 761; Sington v. B. R., L. & P. Co., 200 Ala. 282, 76 South. 48; B. R., L. & P. Co. v. Jones, 146 Ala. 277, 41 South. 146; B. R., L. & P. Co. v. Clark, 148 Ala. 673, 41 South. 829; Appel v. Selma St. & Ry. Co., 177 Ala. 457, 59 South. 164. A wide latitude is allowed the trial court in exercising its discretion as to subjects of cross-examination. Amos v. State, 96 Ala. 120, 11 South. 424.

THOMAS, J. The appeal is in a double aspect—from the original judgment, and from that overruling the motion for a new trial. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 South. 765; Lewis v. Martin, 210 Ala. 401, 98 South. 635.

The complaint contained counts for simple and subsequent negligence and for wantonness on defendants' part. Defendants pleaded the general issue and contributory negligence.

After the parties were in the automobile, plaintiff states, on cross-examination, what happened, as follows:

"We hadn't driven any way from the house before commencing to turn across the street car track, except coming right on out. We were driving across the track; the house is practically opposite the place of the accident. It must have taken place angling from the house. After we got in the car we drove about 15 or 20 feet. My brother had been driving my car with my permission. The traffic was very heavy on both sides. The congestion would run in before you in less than a second's time. You could see everything before going on the street car track, that you could see after you got on it; everything was in plain view. There was nothing to keep you from seeing the automobiles. I think the street is straight and there are two street car tracks in it. There wasn't anything to keep the automobile driver from seeing street cars on both tracks in both directions. There wasn't anything to keep him from seeing the automobile traffic along there at that time. I saw the street car when it was about 20 feet away. I was keeping a lookout the best I could for everything in the way. We were trying to get out. I was keeping a lookout for street cars."

The motorman testified:

"The automobile was out in the street when I first noticed it—it was moving; it was approaching sorter towards me; it was making its turn when I first noticed it. When it came in contact with my street car, it was right on the corner of my car—struck the—left-hand corner of my car struck the right-hand front door of their car. I couldn't say whether the wheels of the automobile got on my track or not; if it did it just kind of got on the edge sorter. The automobile with reference to my track was kind of angling, making a circle; it never had stopped, it was making a turn from the south side of the street to the north side. I was on the track coming to Birmingham, on the track where the curb was to my right. With reference to this south curb and the south track, the automobile was on the pavement over there; it was making its turn just off of the pavement when I first noticed it. It was just turning off the pavement when I first noticed it. It was turning back this way. The automobile did not stop from the time I first noticed it until the impact actually occurred. When I first noticed it, it was turning off the curb. My car was about 50 feet from the place of the collision, when I first noticed the automobile. * * * When I saw this man turning and coming towards my track, I blowed my whistle; I throwed my air on in emergency, and he didn't make any halt; I saw that he was not making any halt, and, just as soon as I throwed my air on in emergency, I reached and got my reverse lever and reversed my car and the current would have effect on the motor so that the wheels would not be locked. That is the proper thing to do under the circumstances. First I applied my air, and that checked the car, and then I reversed it and threw it on half current and that set the motors to working backwards, against my motion. There was nothing else I could do in the way of stopping, that I knew of to do; that is all that any one I know of could do. When I got through doing that, I didn't have any time left—I was right up at—why, I done hit him. That was the quickest way in which to check my speed, with the automobile coming in so close to my track in such a short space. I have had eight years' experience up to now."

The several questions presented as error will, for convenience, be considered as presented in argument by counsel.

[1] The first and second assignments of error, predicated on the refusal of charges 1 and 2, are not sufficiently insisted upon, and will not be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158, and authorities.

[2, 3] Defendants' given charge 3 was justified by Norwood Transp. Co. v. Crossett, 207 Ala. 222, 225, 92 South. 461; Montevallo Mining Co. v. Little, 208 Ala. 131, 93 South. 873,. and Ice Delivery Co. v. Lecari, 210 Ala. 629, 98 South. 901. The fact that the charge dealt with in the Norwood Transp. Co. Case, supra, was under evidence developed under a simple negligence count, does not render that decision inapplicable to the instant case. Here the allegations of simple and subsequent negligence and wantonness are contained in separate counts. Under the latter count there must be shown facts evidencing the intention to do or not to do an act, with a knowledge of its probable consequences, before there can be wantonness. The result proximately caused by "a mere accident," hypothesized in defendants' said given charge, is as much at variance with the wanton act or conduct charged in the third count of the complaint as that charged in the negligence counts Nos. 1 and 2. The distinction between negligence and wantonness contained in Randle v. B. R., L. & P. Co., 169 Ala. 314, 325, 326, 53 South. 918, does not indicate that there was error in giving defendants' charge 3.

[4] Defendants' given charge 4 is supported by Morrison v. Clark, 196 Ala. 670, 678, 72 South. 305; Langhorne v. Simington, 188 Ala. 337, 66 South. 85; B. R., L. & P. Co. v. Humphries, 171 Ala. 291, 54 South. 613; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; and B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 South. 1024. This charge was:

"The court charges the jury that if, after a fair consideration of all the evidence, any individual juror is not reasonably satisfied therefrom that the plaintiff is entitled to a verdict in his favor, you cannot find for the plaintiff."

[5] Defendants' given charge 11 is as follows:

"The court charges the jury that if, after a fair consideration of all the evidence, your minds are left in a state of confusion as to whether or not the plaintiff is entitled to recover, it is your duty to return a verdict in favor of the. defendants."

It is in accord with B. R., L. & P. Co. v. Saxon, 179 Ala. 136, 144, 160, 59 South. 584, 592, where the observation is made as to charge 6 refused to defendant in that case:

"Charge 6 expresses the law, and the court erred in refusing to give it. If the jury must be reasonably satisfied, it necessarily follows that, if their 'minds are left in a state of confusion as to whether or not plaintiff should recover,' they cannot find for the plaintiff. L. & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 99, 103, 104, 27 South. 760; Calhoun v. Hannan & Michael, 87 Ala. 277, 285, 6 South. 291."

Charge 6 in Saxon's Case was:

"If, after considering all the testimony in this case, your minds are left in a state of confusion as to whether or not plaintiff should recover in this case, you cannot find for the plaintiff."

In that case there were counts for simple and subsequent negligence, and pleas of contributory negligence on the part of plaintiff, etc. The counts for willful and wanton conduct were not supported by the evidence and were excluded by general affirmative instructions given at the request of the defendant. The opinion was by a divided court, but as to the reversible error found to exist for the refusal to give charge 6 there was no division.

In A. G. S. R. Co. v. Robinson, 183 Ala. 265, 269, 270, 62 South. 813, 815, charge 16, there considered contained the statement that if after hearing all the evidence the mind of the jury "be in a state of doubt or confusion as to whether or not the plaintiff is entitled to a verdict," they should find for the defendant. The court said of the facts hypothesized:

"If their mind is in a state of confusion, they may not be reasonably satisfied, yet, if their mind be in doubt, they may still be reasonably satisfied, as the state of doubt may be very slight or may not be at all reasonable. While these cases can be differentiated, we think that the charge in the Saxon Case could have been well refused, as misleading, if not otherwise bad, as such charges are delusive and calculated to mislead the jury to the extent that they cannot find a verdict for the plaintiff, unless they are absolutely positive beyond a doubt that he is entitled to recover, and the law does not require such a belief or conviction on the part of the jury. The trial court might not be reversed for giving such a charge as charge 6 in the Saxon Case, supra, as it could be explained by counter instructions, but, as it is calculated to mislead the jury, trial courts should not be reversed for refusing same."

The charge in the Saxon Case, supra, concluded with the instructions "you cannot find *for the plaintiff*." (Italics supplied.) And in Hoffman v. B. R., L. & P. Co., 194 Ala. 30, 69 South. 551, the charge was as that given in Saxon's Case. and held that the "charge was misleading and could have been well refused."

The instant question was before the court in B. R., L. & P. Co. v. Milbrat (December, 1917) 201 Ala. 368, 371, 373, 78 South. 224, 229, and it was there held that charge E, which was in the following language, was. properly refused:

"If, after a fair consideration of all the evidence, your minds are left in a state of confusion as to whether or not plaintiff was entitled to recover, you should find for defendant."

The court there said:

"Charge E was properly refused to defendant A. G. S. R. R. Co. v. Robinson, 183 Ala. 265, 62 South. 813, overruling on that point B. R., L. & P. Co. v. Saxon, 179 Ala. 136, 59 South. 584."

It will be noted this charge concluded with the instruction "you should find for defendant."

In Monte v. Narramore (January, 1918) 201 Ala. 200, 77 South. 726, charge 9 used the words "in doubt or in a state of confusion," and concluded with the instruction "they cannot find a verdict for plaintiff"; held, by the use of the word "doubt," though coupled in the alternative with "confusion," it "placed too high a degree of proof upon the plaintiff." The court said:

"In the case of A. G. S. R. R. Co. v. Robinson, 183 Ala. 265, 62 South. 813, we held, after reviewing the authorities, that charges predicated upon 'doubt' or 'uncertainty,' one or both, are incorrect, and should be refused. We also suggested that charges using the word 'confusion' could well be refused, but declined to hold that the giving of charges of the last character would amount to reversible error. Since the Robinson Case, supra, we have declined to reverse a case for the giving of a charge using the word 'confused' or 'confusion.'"

The subject was recently considered in Allen v. Birmingham South. R. Co., 210 Ala. 41, 97 South. 93, 95. Charge 5 was:

"I charge you, gentlemen of the jury, that if, after considering all of the testimony in this case, your minds are left in a state of confusion as to whether or not the plaintiff should recover in this case, you cannot find for the plaintiff."

It was held that the charge should have been refused, because misleading, "but this court has practically held it was not reversible error to give it, as it could be explained by counter charges."

Charges 13 and 15, given for defendant in the Allen Case, supra, contained the words "doubt and confusion as to whether the plaintiff is entitled to recover or not," and instructions (charge 13) "then you cannot find for the plaintiff" and (charge 15) "then you must find for the defendant." These charges were said to be under condemnation by this court, and "should not have been given," because placing "too high a degree of proof on the plaintiff."

Adverting to charge 11, given in the instant case, it instructs, as a matter of law, that if, after consideration of the evidence, the jury are (1) "left in a state of confusion" as to plaintiff's right of recovery, it then becomes the duty of the jury (2) "to return a verdict in favor of the defendants." The burden of making out his case to the reasonable satisfaction of the jury was upon the plaintiff, and, failing in this—leaving their "minds" "in a state of confusion as to whether or not the plaintiff is entitled to recover" —the plaintiff failed in his proof. It may be that the charge possesses misleading tendencies as to the plea of contributory negligence, yet such misleading tendencies might have been explained by a counter charge. There was no reversible error in giving defendants' charge No. 11.

[6] The "sole proximate cause" charges given for defendants are numbers 6, 7, 13, and 17, and are not limited to simple initial negligence. These charges sought to hypothesize the negligence of plaintiff's driver as being the "sole proximate cause" of the collision. If this result was believed by the jury to have been caused solely by the initial negligence of plaintiff's driver, the verdict would have been for the defendants under the count predicated thereon. Appellant insists that Allen v. Birmingham Southern R. Co., 210 Ala. 41, 97 South. 93, 95, Grauer v. A. G. S. R. R. Co., 209 Ala. 568, 569, 573, 96 South. 915, Renfroe v. Collins & Co., 201 Ala. 489, 78 South. 395, condemn these charges. The Allen Case contained no plea of contributory negligence and trial was had on the wanton count; held "that issue [contributory negligence] was not before" the jury, and that it was error to give the "sole proximate cause" charge under the wanton count. The Grauer Case, supra, went to the jury on the wanton count alone, and of such charge it was said:

"Charge 24 that, if the deceased 'was walking along the defendant's railroad track at the time, * * * and this conduct was the sole and proximate cause of his death,' your verdict must be for the defendant'—was erroneous and should have been refused. Its effect was to make the initial negligence of the deceased a bar to recovery for wanton negligence. Renfroe v. Collins & Co., 201 Ala. 489, 492, 78 South. 395."

In Renfroe v. Collins & Co., supra, there were simple negligence and wanton counts predicated upon the death of the minor (under 12 years of age) who was killed while holding to defendant's truck, skating, and which fact was known to the driver of the truck as he "gave it a zigzag course, causing the boy's injury and death." Charge A, declared to be "affirmatively faulty," used the words, "killed as a sole proximate consequence of his own negligence, or as a sole proximate consequence of the violation of the city ordinance," and directed that a verdict in favor of plaintiff might not be returned under either count of the complaint. The condemnation of the charge is thus expressed in the opinion as first rendered:

"Its immediate effect was to conclude against a recovery under the wanton count upon an

alternative hypothesis, predicated on the prohibition of the ordinance and its violation by plaintiff's son, that could, under no circumstances, have justified the willful or wanton injury of the boy."

The court was divided as to the treatment given charge A. On the rehearing, the approval of charges J and N in Karpeles v. City Ice Del. Co., 198 Ala. 449, 73 South. 642, is considered and differentiated from the condemnation of charge A in Renfroe's Case; the application for rehearing was denied, and the concurrence is not indicated as being otherwise than stated in the original opinion. It was not the intent to modify the decision in Karpeles' Case, where the issues of fact submitted to the jury were the initial simple negligence, the plea of contributory negligence, and the wanton conduct of the defendant under the general issue. The court's justification of the giving of charges J and M in the Karpeles Case is in conflict with the announcements of Mr. Justice Somerville in the case of Grauer v. A. G. S. R. R. Co., 209 Ala. 568, 96 South. 915.

In the Karpeles Case, supra, it is said:

"A number of the charges * * * assigned for error by plaintiff, asserted, * * * that, if the speed of the motorcycle * * * or the negligent operation of the motorcycle, was the sole proximate cause of the death of plaintiff's intestate, or if the alleged violation of the ordinance by defendant's agent did not contribute directly to his death, then defendant was not liable. If defendant's agent exercised due care, then of course the death of plaintiff's intestate must be referred to the negligence of the driver of the motorcycle, or, in the absence of that, to inevitable accident. * * * In the peculiar circumstances of this case, it appearing beyond question that the motorcycle ran into the side of the automobile, the question, so far as plaintiff's intestate in his situation was concerned, is, not so much whether the automobile turned the center of the intersection correctly, but whether its manner of turning made any difference in the result. * * * But without regard to the possibility of such finding, the charges were correct, for the jury may have found that defendant's driver was not at fault in any respect. * * * In either of the cases we have pointed out as of possible finding under the evidence, the operation of the motorcycle, whether negligent or not, must be held to have been the sole proximate cause of the accident. Birmingham Railway Co. v. Ely, 183 Ala. 382, 62 South. 816."

In B. S. R. Co. v. Harrison, 203 Ala. 284, 286, 291, 82 South. 534, the issues formed by the pleadings were simple and subsequent negligence counts and counts of wanton and willful or intentional conduct and wrong, special pleas of contributory negligence to appropriate counts, and the general issue pleaded to all counts of the complaint. Charge 10, given for defendant, was a "sole proximate cause" charge to which plaintiff replied with explanatory charges (1, 2, and 3)

as to the meaning of the word "sole"—meaning "unaccompanied by any negligence on the part of the defendant, its agents or servants." Charge 10 was treated as susceptible of two constructions, and, indulging that construction in favor of the ruling of the court in giving the charge, the explanatory charges permitted to be given for plaintiff were justified.

Appellees' counsel frankly state that these charges are "not based on contributory negligence," but "upon the facts provable under the general issue"; that the negligence of the plaintiff's driver was the sole proximate cause of the accident, and not the negligence or wantonness of defendants' operator on the street car.

[7] It is established in this jurisdiction that there can be no plea of contributory negligence to a count charging wantonness, or a willful injury. L. & N. R. R. Co. v. Watson, 90 Ala. 68, 8 South. 249; Tanner's Executor v. L. & N. R. R. Co., 60 Ala. 621; Cook, Adm'r, v. Cent. R. R. Co., 67 Ala. 533; Ga. Pac. Ry. Co. v. O'Shields, 90 Ala. 29, 8 South. 248; A. G. S. R. R. Co. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28. Appellees' counsel do not controvert this well-recognized rule of pleading, yet they say:

"Appellant contends that the effect of the charges were to preclude a consideration by the jury of the charge of wantonness. Before the plaintiff could recover on a count of wantonness on the part of defendants' agent, it must have been shown that such wantonness proximately contributed to plaintiff's injuries. * * * The principle is also laid down in the case of Montgomery Street Railway v. Rice, 38 South. 857." 144 Ala. 610 "It was held reversible error to refuse charge 7 in that case asked by the defendant, to the effect that the wanton conduct on the part of defendant must have produced the injury complained of."

The cases of Renfroe v. Collins & Co., supra, and Jefferson v. B. R. & E. Co., 116 Ala. 294, 22 South. 546, 38 L. R. A. 458, 67 Am. St. Rep. 116, are cited. That the wantonness charged must proximately cause the injury for which suit is brought is supported by B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 345, 346, 57 South. 876, Ann. Cas. 1914C, 1037; Shepard v. L. & N. R. Co., 200 Ala. 524, 76 South. 850, and B. R. L. & P. Co. v. Cockrum, 179 Ala. 372, 60 South. 304.

[8] It may be urged, in justification of the giving of these charges, that before the jury might return a verdict for defendants under instructions therein contained (1) they must ascertain and be reasonably satisfied from the evidence that there was no subsequent negligence or wanton conduct of defendants' agent that proximately contributed to the injuries for which the suit is brought, and from this lack of subsequent negligence and of wantonness (2) must find that the negligent act of plaintiff's driver, in driving the

automobile onto or in close proximity to the car track, was the "sole proximate cause" of the automobile being struck and producing the immediate consequent injuries and damages for which the suit was brought. The sufficient answer to this is that in arriving at a verdict under such instructions and the respective issues of negligence and wantonness, the jury would be required to consider the initial negligence of plaintiff's driver in the premises, and in so doing, to all practicable purposes, that initial negligence will be made a bar to the recovery under the subsequent negligence and wanton counts. The initial negligence of plaintiff's driver may not be a bar to a recovery for defendants' subsequent negligence nor to their wanton act or omission. There was error in giving the "sole proximate cause" charges.

Defendants' given charge 14 is justified by Sington v. B. R., L. & P. Co., 200 Ala. 282, 285, 76 South. 48, and Schneider v. Mobile L. & R. Co., 146 Ala. 347, 40 South. 761.

[9] Charge 9 was properly given. It hypothesized the fact that the motorman of the street car was properly operating the same, and that he had the right to presume that an adult driver of an automobile approaching the street railway track for the purpose of crossing would look for approaching cars before entering thereon, until it becomes "reasonably apparent" to the motorman to the contrary from the conduct of such automobile driver. There was no error in giving the charge. Schmidt v. Mobile Light & R. Co., 204 Ala. 694, 87 South. 181; Anniston Elec. & Gas Co. v. Rosen, 159 Ala. 203, 48 South. 798, 133 Am. St. Rep. 32; Mobile L. & R. Co. v. McDonnell, 207 Ala. 161, 92 South. 185; L. & N. R. R. Co. v. Rayburn, 198 Ala. 191, 73 South. 461; Ross v. Brannon, 198 Ala. 124, 73 South. 439.

[10, 11] Defendants' charges 8, 12 and 15 do not exact too high a degree of proof of plaintiff as to the duty of his driver immediately before driving upon the car track. These charges did not exact more than a discharge of the general duty to exercise due care in the use of the highway by plaintiff and his driver. There is no iron-bound rule by which to judge a discharge of the duty of due care, other than that imposed by the particular circumstances and conditions entering therein and that should govern the acts of a reasonably prudent man under the circumstances. Schmidt v. Mobile Light & R. Co., 204 Ala. 694, 87 South. 181; Huey v. Dykes, 203 Ala. 231, 82 South. 481; Ross v. Brannon, 198 Ala. 124, 73 South. 439; B. R., L. & P. Co. v. Oldham, 141 Ala. 195, 37 South. 452, 3 Ann. Cas. 333; Anniston Elec. & Gas Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32.

[12] The witness Adams was properly cross-examined. Ex parte State, 199 Ala.

255, 74 South. 366; Amos v. State, 96 Ala. 121, 11 South. 424; Carter v. State, 191 Ala. 3, 67 South. 981; Smith v. Kress & Co., 210 Ala. 436, 98 South. 378.

[13] The witness Daniels was giving his best recollection or judgment as to the matters inquired about, and not giving expression to his imagination. His answers were well understood by the court and the jury.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

SAYRE and GARDNER, JJ., dissent.