(122 So. 642)

### McBRIDE v. BARCLAY.  (6 Div. 198.)

Supreme Court of Alabama.  May 30, 1929.

Ewing, Trawick & Clark, of Birmingham, for appellant.

Kelvie Appelbaum and Marvin Woodall, both of Birmingham, for appellee.

BROWN, J.  This suit is by the appellant against the appellee to recover damages for personal injury received by the plaintiff in a collision with the defendant's automobile.

The first count of the complaint ascribes his injury to the negligence of the defendant "in driving said automobile over, upon or against plaintiff," and the second count ascribes the injury to the wanton conduct of

the defendant in the operation of the automobile. The plea was the general issue, pleaded in short by consent, with leave to offer evidence that would constitute a good defense if specially pleaded.

The evidence goes to show that while the plaintiff was walking toward the west, across Twenty-First street in the city of Birmingham, on Eighth Avenue South, he came in collision with an automobile being driven by the defendant on Twenty-First street going north, and as a result of this collision he received severe personal injuries. The plaintiff's evidence tends to show that the automobile ran against the plaintiff and knocked him to the ground and one of the rear wheels passed over one of his legs, producing a fracture just above the ankle. The defendant's evidence tends to show that the plaintiff, while walking across the street and looking to the north, walked into the side of the automobile and fell across the fender and hood, and after being carried along by the car for a few feet rolled off, and his leg passed under the car and the back wheel passed over his leg.

The evidence as to the speed of the car was in conflict; that offered by the plaintiff tended to show a speed of about 20 miles per hour, while that offered by defendant tended to show a speed from 4 to 12 miles. The evidence is without dispute that the defendant observed the plaintiff before he entered the street to cross and continued his observation until the collision, and that the horn on the automobile was not sounded. Plaintiff was walking at a slow pace and was near the center of the street when he came in contact with the automobile.

The proposition of charge Y, given at the instance of the defendant, is that if on the occasion defendant did what an ordinarily prudent man would have done, *or* if he did not do what an ordinarily prudent man would not have done under the circumstances, the jury should find for the defendant. That is, if the defendant met the duty imposed upon him by the circumstances in one respect, though he failed in the other, he was not guilty of negligence. This proposition cannot be sustained, for if he failed to meet the duty either by failing to do what a reasonably prudent person would have done or doing that which a reasonably prudent person would not have done, he was guilty of negligence. Alabama City, G. & A. R. Co. v. Bullard, 157 Ala. 618, 47 So. 578; Salter v. Carlisle, 206 Ala. 163, 90 So. 283.

The proposition asserted by charge 12 is that if plaintiff on the occasion of his injury was crossing Twenty-First street inattentive to approaching automobiles headed north on said street and reasonably near the plaintiff, he was guilty of negligence as a matter of law, and if this negligence proximately contributed to his injury in the slightest degree, he is not entitled to recover. This charge invaded the province of the jury. Adler v. Martin, 179 Ala. 97, 59 So. 597. One of the charges approved in Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337, asserted that if the plaintiff in that case "*knew* automobiles or vehicles would probably be approaching the point where he was crossing the street at the time he was so crossing, and in such close proximity to him that he would probably be injured by same, unless he exercised reasonable care in looking up and down said street for such approaching vehicles," and through inattention, inadverteuce, carelessness, or forgetfulness he proceeded across said street without looking up and down the street for such approaching vehicles, and as a proximate consequence thereof sustained his alleged injuries, he could not recover for simple negligence on the part of the defendant. And the other asserted that if the plaintiff, "through inadvertence, forgetfulness, inattention, absent-mindness or carelessness * * * placed himself in a position of *obvious danger*, without necessity therefor, he would be guilty of contributory negligence."

These charges are very different from charge 12, given in this case.

On the authority of Boyette v. Bradley, 211 Ala. 370, 100 So. 647, it must be held that charge 18 was erroneously given.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.