(128 So. 139)

## LINDSEY v. KINDT.

### 6 Div. 472.

Supreme Court of Alabama.

April 3, 1930.

Rehearing Denied May 15, 1930.

See, also, ante, p. 169, 128 So. 143.

Lange, Simpson & Brantley and O. Somerville, Jr., all of Birmingham, for appellant.

Nesbit & Sadler, of Birmingham, for appellee.

BOULDIN, J.

The action is for personal injuries and property damage from an automobile collision.

The driver of one car sues the driver of the other.

The scene depicted by plaintiff's evidence may be briefly sketched thus: Mrs. Grace Kindt, plaintiff, driving her Overland car en route from Atlanta to Birmingham, on a rainy Sunday afternoon in March, 1927, reached a point on Birmingham-Gadsden highway some miles west of Gadsden. While rounding a curve and keeping well to the right and outside of the curve, suddenly a Chrysler car, driven by defendant, S. E. Lindsey, at a high rate of speed, came meeting plaintiff's car, headed over to the wrong side of the road, and ran into the Overland.

Plaintiff and her husband testify the Chrysler cut out from behind other cars going in the same direction. Witnesses arriving on the scene a few moments later testify the Overland was knocked sidewise into a ditch to the right against an embankment, and the Chrysler had pivoted and come to a stop diagonally across and on the pavement, some 18 feet in width.

Plaintiff and her husband, riding with her, testify that, as the Chrysler approached, she bore to the right until her right wheels were off the pavement. Other evidence of the tracks of the Overland corroborate this view. Other evidence tended to show the Chrysler was running 40 to 50 miles per hour as it approached the point of collision.

Defendant and those occupying the car with him make a case of careful driving at 20 to 25 miles per hour, keeping well to the right, and of plaintiff taking the inside of the curve at a higher rate of speed and so running into the Chrysler. Their view is the position of the cars after the collision was due to the Overland glancing off to the right and turning the Chrysler by the impact.

The first assignment of error, the one first presented and most stressed in brief, challenges the verdict as excessive. No occasion arises for us to consider that question unless and until we have found no other reversible error in the record.

Having considered other questions presented, we depart from our usual course, and treat the questions in the order they are argued in brief.

The complaint has counts for simple negligence and for wanton injury.

■■ We have so far outlined the tendencies of the evidence to indicate the issue of wantonness was clearly one for the jury. In dealing with the amount of the verdict, we cannot say the jury were unauthorized to award punitive damages. In such case their judgment as to the amount so awarded, within reasonable bounds, is not to be disturbed.

■ There was no direct valuation put on the car at the time of the wreck. Evidence tended to show the Overland 6, with equipment, cost $1,455, had been in use a little over a year, driven about 10,000 miles, and maintained with ordinary care. There was some evidence it was rendered worthless. It was abandoned and left at Gadsden.

Mrs. Kindt, testifying two years after the accident, describes her injuries thus: "I had a knock over my right eye—I struck something. I was hit a terrible blow on my chest, left and right side, and my left ankle and both knees were cut. Those injuries were painful. I did the housework before I was hurt. After I was hurt I was unable to do it. * * * I was in the hospital a week and while there treated by a physician, they strapped my chest, strapped my ankle and fixed the cut on my knee. Of the week I was in Gadsden I was in bed practically all the time and those injuries pained me very much. * * * At the end of a week we took a train for Atlanta. After my arrival home we called our family physician who treated me for the same wounds that Dr. Morgan did in Gadsden for practically three weeks. After that crash I was extremely nervous; terribly shocked. I suffered from that condition off and on to the present time. Four months after that I was ordered

by the doctor to go to Florida and I went there."

Other evidence tends to show intense shock at the time.

Plaintiff is corroborated by her husband. No expert evidence of physicians was offered. Whether the evidence would justify an award of damages for permanent injury, we are convinced the severity and duration of the injuries shown, in connection with other elements of recoverable damages, are such that the verdict of $3,527 cannot be said to be so excessive as to clearly indicate bias, passion, or prejudice.

The verdict, approved by the trial judge, will not, therefore, be disturbed.

■ We may add that testimony given on a former trial, incorporated in the present record, but not in the bill of exceptions, nor shown to have been before the jury, cannot be looked to as touching any change of evidence on the extent of injuries claimed.

The former verdict for plaintiff, awarding only nominal damages, and set aside on plaintiff's motion, can shed no substantial light here. That there was substantial injury appears without conflict. The former verdict will be viewed as indicating no effort to fix the actual damages.

■ Defendant's refused charge No. 4 is a typical one known as the "sole proximate cause" charge for defendant, based on the negligence of the plaintiff where there are counts for simple negligence and for wanton injury and evidence tending to support the wanton count.

In recent years such charges have been considered by the full court. Their refusal has been held proper. In some states of evidence, the giving of same is held error to reverse. Boyette v. Bradley, 211 Ala. 370, 100 So. 647; McBride v. Barclay, 219 Ala. 475, 122 So. 642; Renfroe v. Collins, 201 Ala. 489, 78 So. 395; Grauer v. A. G. S. R. Co., 209 Ala. 568, 96 So. 915; Allen v. Birmingham Southern Ry. Co., 210 Ala. 41, 97 So. 93.

We are asked to reconsider these cases as unsound in principle.

True, of course, if the negligence of the plaintiff is the "sole" proximate cause of the injury, the wanton conduct of defendant has no causal connection therewith, and the plaintiff cannot recover. It must not be assumed the members of this court have not seen this when considering such instructions.

As pointed out in our decisions, the negligence of plaintiff is not an issue in such cases. The issue is whether the wanton conduct of defendant was a proximate cause of the injury, the sole or contributing cause. If not, no recovery can be had for wantonness, whether plaintiff was negligent or not.

Charges directing the attention of the jury to negligence of the plaintiff as a defense to the entire action we think tend to confuse the jury on the issues under simple negligence counts and wanton counts. If they do not perceive the full import of the single word "sole," then in practical effect contributory negligence of plaintiff is made an answer to wantonness. If the purpose of requesting such charge is merely to present the issue raised by the general issue—that is to say, whether the wanton conduct of defendant had a causal connection with the injury—a direct charge putting on plaintiff the burden of proof in that regard may be easily framed.

If it is desired to have the jury consider whether the negligence of plaintiff was the sole proximate cause, the instruction may be easily relieved of misleading tendencies, by negativing wantonness as a proximate cause in the same instruction.

We see no sufficient reason to depart from our former rulings on such charges.

■■ Charge 10 was properly refused. Severe shock and continued nervous condition from an injury may be testified to by the injured. While largely a subjective experience and evidence thereof is to be weighed with due caution by juries, this does not warrant the rejection of the evidence or charging of the claim out as matter of law.

■ Charge 3 was refused without error. We cannot say there was no evidence of permanent injury.

■ Charge 28 was refused without error.

■ Granting that the jury may have found some salvage value in the wrecked car, and that, in the absence of proof of its amount, the plaintiff has failed in her proof to show the exact amount of her recoverable damages thereon, still the evidence does show a substantial reduction in value, and the jury could reasonably find it was not less than a stated sum. In such event, they were not required as matter of law to award nothing for injury to the car.

■ Refused charge 5 seeks to present defendant's claim for injuries to his car by plea of recoupment. It is manifestly bad. If a cross-action of this character is made an issue under the usual plea in short by consent, a question we do not decide, defendant's right of recovery rests on precisely the same principles of law as that of the plaintiff. Charge 5 ignores all evidence of contributory negligence on the part of defendant and even of wanton conduct on his part, and calls for a verdict in his cross-action upon a finding of plaintiff's negligence alone. Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215.

■ We do not understand the portion of the court's oral charge made the basis of assignment of error No. 11 to be a charge on the effect of the evidence. The form of expres-

sion is not so clear as might be, but it appears from the statement itself the court was referring to the law of proximate cause, and not declaring there was negligence, the proximate cause of the injury. Taken as a whole, the oral charge made clear that the questions of negligence, wantonness, and proximate cause were issues of fact for the jury. A witness, seeing the injured person at the time or immediately after the injuries were received, may state "she appeared to be hurt," or "apparently she seemed to be very nervous."

If counsel for plaintiff, while conferring with the trial judge in an undertone touching the qualification of jurors on their connection with an insurance carrier, so raised his voice as to be heard by jurors present, defendant waives this as ground for motion for new trial by suggesting and procuring plaintiff's request for the withdrawal of such jurors, and after their return proceeding to organize a jury therefrom and go to trial without objection and with knowledge of the facts.

No objection was made to argument of plaintiff's counsel. We need not inquire whether it was without the range of legitimate argument, in view of the evidence drawn out by defendant. It was not such as to impose on the trial judge the duty to intervene of his own motion.

There was no error in overruling the motion for new trial.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.