180 So. 553
## COLEMAN v. HAMILTON STORAGE CO.
### 2 Div. 108.

Supreme Court of Alabama.
April 14, 1938.

Partlow, Le Maistre & Clement, of Tuscaloosa, for appellant.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellee.

BROWN, Justice.

Action of trespass on the case by the appellant against appellee, to recover damages for personal injury inflicted upon the plaintiff by a collision between a truck of the Hardaway Contracting Company, on which plaintiff was riding as a passenger, and a moving van of the defendant operated by its servant or agent, along the Eutaw-Tuscaloosa highway in Greene county.

There are three counts in the complaint:

The first, ascribing the plaintiff's injury to the negligence of the defendant's servant, "while acting within the line and scope of his employment by the said defendant, negligently permitted" said van to run upon, over, or against the vehicle in which plaintiff was riding.

The second count, ascribes the injury, in general terms, to the willful or wanton conduct of the defendant's said agent or servant.

The third count, more particular in its averments, was treated by the court and the parties as charging wanton injury.

The record is not clear as to what pleas were interposed, the pleadings seem to have been oral, and, construing the record most favorably to the defendant, who was successful on the trial, we treat what appears in the record as showing that the defendant pleaded the general issue—not guilty—in short by consent, with leave to give in evidence any matter that would constitute a defense, if specially pleaded, with like leave to the plaintiff to reply.

The evidence shows, without dispute, that the plaintiff at the time of his injury was an employee of the Hardaway Contracting Company, road contractors, that the construction company was moving its workmen and tools to Eutaw, Ala., in three trucks; that the plaintiff was one of said workmen, and was riding as a passenger with other workmen in the third truck; that the three trucks were proceeding toward Eutaw. Phases of the evidence tend to show that they were moving at a rapid rate on account of a threatening cloud. That defendant's van was proceeding in the opposite direction, towards Tuscaloosa, and in rounding a curve, straddling the center line of the highway, and as the van passed the first truck, it pulled to the right on the shoulder to avoid collision with the van; that the van "scraped" the second truck, that the trucks were from thirty to seventy feet apart, and when the first truck got on to the shoulder it came to a stop, and forced the second truck to stop; that the driver of the third truck, to avoid a tail-end collision with the second truck, turned his truck to the left, attempted to cross the highway, and as he did so he discovered the van approaching and in close proximity. The truck proceeded, angling across the highway, and its right front wheel collided with the right front wheel of the van, which had pulled slightly to the left. Both vehicles were badly damaged, and plaintiff was seriously injured.

The evidence adduced by the defendant goes to show that the van was proceeding north towards Tuscaloosa on the right side of the highway, that as it passed the first truck, said truck was coming to a stop to let off one of the workmen riding thereon; that the second truck was also slowing to stop; that the third truck was moving at such speed that it could not stop before reaching the second truck; that said third truck turned sharply to the left in the path of the defendant's van, and the driver of the van in trying to avert a collision turned the van to the left across the middle line of the highway; that the right front wheel of the

van collided with the right front wheel of the truck, the force of the collision cracked the crankcase of the van, and otherwise damaged the same.

There was an absence of evidence showing or tending to show that plaintiff was guilty of contributory negligence.

■ . The court, over the plaintiff's timely objection, admitted in evidence, at defendant's instance, the file of papers in a proceeding filed by the plaintiff against the insurance carrier of the Hardaway Contracting Company, under the Workmen's Compensation Act, for compensation for his injury, eventuating in a lump sum settlement for $825, approved by the court. The objection was to each of the papers constituting the file, and the court erred in overruling the several objections. This file, and the papers constituting the file, shed no light on the issues, were res inter alios as to the parties to this suit, and wholly incompetent and immaterial. The only effect of this evidence was to becloud the issues in the case and divert the minds of the jury therefrom.

■ The appellee insists, however, that injurious consequences were fully averted by the court's instructions, among others: "Now, there is another thing that has been brought out and discussed by the arguments of counsel here, and that is the fact that this plaintiff had already received $825.00 under The Workmen's Compensation Law of Alabama from an Insurance Company known as the Fidelity & Casualty Company of New York, as insurer of the Hardaway Contracting Company. Well, under the laws of Alabama, where a settlement of that kind has been made between the insurer of Hardaway Contracting Company and this plaintiff, who was in the employ of Hardaway Contracting Company at that time, why, this insurance company is subrogated to all the rights of the plaintiff in this action; and if judgment is rendered, if you find the plaintiff is entitled to recover in this action, this insurance company will be entitled to [come] in and to intervene up to the extent of $825.00, and no more."

■ This instruction aggravated rather than ameliorated the injurious consequences of the court's ruling. The statute, Code 1923, § 7587, provides that in cases where the injury to the employee is caused by the negligence or wrongful conduct of a third person, not subject to the act, "legal proceedings may be taken by the employe or dependents against such other party to re-cover damages, notwithstanding the payment by the employer, or his liability to pay compensation hereunder." This statute preserves the employee's right to proceed against such third person, and the liability of the employer or his insurance carrier is in no sense a defense against liability of such third person, either as to the right to recover, or the quantum of the recovery. City of Red Wing v. Paul Eichinger et al., 163 Minn. 54, 203 N.W. 622; Joseph J. Gile v. Yellow Cab Corporation of Minnesota, 177 Minn. 579, 225 N.W. 911; G. B. Boek v. Wong Hing, 180 Minn. 470, 231 N.W. 233, 72 A.L.R. 108.

Moreover, the right of subrogation is restricted by the statute, first, to the right of the employer "to deduct from the compensation *payable by him* the amount actually received by such employe or his dependents"; or second, such *employer or his in*surance carrier is subrogated to all the rights of the employe or his dependents, and such subrogee "may maintain, or in case an action has already been instituted, may continue the action either in the name of the employe or dependents, or in his own name, against such other party for the recovery of damages, but such employer shall nevertheless pay over to the injured employe or dependents all sums collected from such other party by judgment or otherwise in excess of the amount of such compensation *payable* by the employer under article 2 of this chapter, and costs, attorney's fees, and reasonable expenses incurred by such employer in making such collection or enforcing such liability." Code 1923, § 7587. (Italics supplied.)

■ The deduction authorized, in the first instance, must be made before all the compensation allowable is paid, and the statute clearly contemplates that the subrogee must intervene in a pending suit before such suit is brought to judgment, and failing to do so the right of the subrogee ceases. He cannot stand by and allow the employee or his dependents to proceed with the litigation at their own peril and then step in and take the fruits of the litigation. The third part, sued for negligence or wrongful injury of such employee, is not concerned with the relation between the plaintiff and another, nor with the distribution of the proceeds of the damages recoverable. Gones v. Fisher, 286 Ill. 606, 122 N.E. 95, 19 A.L.R. 760.

In Georgia Casualty Co. v. Haygood et al., 210 Ala. 56, 97 So. 87, there was an

intervention in the pending suit as authorized and required by the statute, before the suit against the third party came to judgment, and the compensation allowed against the employer was in process of payment monthly. The statute which provides for the subrogation also provides for the procedure. It does not provide for a recovery back of compensation paid, nor does it provide that the employer or his insurance carrier may stand by and take the fruits of the recovery effected by the employee or his dependants. "The claimant must become the actor and make a showing of his right to its benefits." Demopolis Telephone Co. v. Hood, 212 Ala. 216, 219, par. 9, 102 So. 35, 37.

■ The court did not err in sustaining the defendant's objection to the question, "Was Mr. Walker fired from the Hardaway Contracting Company?" the predicate for assignment of error 4. The Hardaway Contracting Company was not a party to the suit, and, so far as appears, it had no interest in the result of the suit.

■ Charge 11, the refusal of which is the basis of assignments of error 7, while abstractly sound, was well refused, as there was no evidence showing or tending to show that the plaintiff was guilty of contributory negligence, nor was there any effort of the defendant to impute to plaintiff the negligence of the driver of the truck in which plaintiff was riding as a passenger.

■ Charges 12 and 13, assumed that the driver of the truck was guilty of negligence and were invasive of the province of the jury.

■ There was evidence, which, if believed, tending to sustain the hypothesis of charge 22 given for the defendant and the facts hypothesized clearly negative the evidence tending to show both wantonness and negligence on the part of the defendant's driver, and was therefore given without error.

■ For reasons heretofore stated, the giving of special charges E and F, the predicate for assignments 11 and 12, constitute reversible errors.

■ Special charges 16, 16A, given at the instance of the defendant, the predicate for assignments of errors 13, 14, give undue emphasis to the acts and conduct of the driver of the Hardaway truck in which plaintiff was riding as a passenger, and preclude a recovery by the plaintiff if

"said collision was the *sole proximate result* of the defective condition of the brakes on the truck in which plaintiff was riding." The proximate *cause of the injury* to the plaintiff, and not the *proximate result of the defective brakes,* was the issue.

■ Special charges 27 and H, given for the defendant, unduly emphasize the acts of the driver of the Hardaway truck, and ignore the issue of wantonness, which some of the evidence tended to support. These charges are in the class of "sole proximate cause" charges that have been repeatedly condemned, where there are both negligent and wanton counts, supported by evidence or its tendencies. Boyette v. Bradley et al., 211 Ala. 370, 100 So. 647; McBride v. Barclay, 219 Ala. 475, 122 So. 642; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

■ The fact that defendant's servant was not guilty of negligence would not preclude a finding by the jury that he was guilty of willful or wanton conduct. McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 So. 992.

For the errors noted, the judgment of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.