JOHNSON v. WILLOUGHBY et al.

No. 14641.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 6, 1944.

Rehearing Denied Nov. 3, 1944.

Raymond E. Buck, George C. Kemble, and Harry N. Harris, all of Fort Worth, for appellant.

Sam Billingsley and Hill & Paddock, all of Fort Worth, for appellee Willoughby.

Grover Sellers, Atty. Gen. of Texas, and Eugene N. Catlett, and George W. Barcus, Asst. Attys. Gen., for State of Texas and State Highway Department.

McDONALD, Chief Justice.

Appellee Willoughby instituted this suit to recover damages suffered as a result of being struck by a motor truck owned by appellant Johnson. The State of Texas and its Highway Department intervened, seeking reimbursement for workmen's compensation benefits paid by reason of Willoughby being an employee of the Highway Department. Upon a verdict of the jury judgment was rendered in favor of Willoughby for $2,510.95, and in favor of the State of Texas for $989.05. Johnson has appealed.

Article 6674s, Vernon's Ann.Civ.Tex.St., provides for a plan of workmen's compensation insurance for employees of the Highway Department of the State of Texas. Certain portions of our general statutes covering workmen's compensation are adopted as a part of this plan (Sec. 7), including Art. 8307, Sec. 6a, which provides for action against a third person, other than the employer, whose fault may have caused the injury to the employee, and for subrogation in favor of the insurance carrier who has paid benefits to the employee.

Appellant contends that under the provisions of this section it was incumbent upon the employee suing the third party to establish that the injury was not the result of negligence of the employer. We are unable to give the statutes this interpretation. At common law, if the employer and the third person were both negligent, the employee might sue either or

both. The statutes do away with the common law liability of the employer, and substitute therefor a limited liability against the insurance carrier. This liability does not depend upon the employer having been at fault. Under the statutes, the right of common law action is preserved against the third person, but the right of action against the employer is supplanted by the liability of the insurance carrier. It therefore becomes immaterial in the action against the third party whether the employer was at fault. We do not see that any different result is reached if the employee is employed by the Highway Department. In the latter case there would be no right of action at common law for negligence against the State. Liability against the State arises only by reason of the statutes, which do not create a right of action for negligence against the State, but create a right of action similar to that against the insurance carrier in the usual compensation case. We find no case in Texas passing upon the question, but in other states it has been held that the negligence of the employer is no bar to a recovery against the third party, either on behalf of the employee, or on behalf of the employer if under the particular statutes he is required to pay the workmen's compensation, or on behalf of the insurance carrier. General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 443, and cases there cited; Demopolis Tel. Co. v. Hood, 212 Ala. 216, 102 So. 35; Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553.

The Assistant Attorney General representing the State read only a part of the State's pleadings to the jury, omitting the portion which set forth the amount of compensation benefits paid by the State. We think, for reasons which will later appear obvious, that it was the better practice not to read to the jury the portion of the State's pleadings which set forth the amount of benefits paid to the employee, and the fact that a settlement had been made with him by the Highway Department. While Rule 265, Texas Rules of Civil Procedure, provides that the pleadings shall be read to the jury, we think that the rule is directory only, that no reversible error is shown here by the mere omission of the State to read all of its pleadings to the jury, even though the opposite party excepted to the omission.

Appellant vigorously asserts error in the overruling of his motion for continuance, based upon the absence of the driver of defendant's truck. Appellant filed a motion for continuance, his second motion for continuance, alleging that the driver of the truck was a material witness, and alleging what was expected to be proved by him. We find no fault with the form or the allegations of the motion for continuance, other than that it does not show why the deposition of the driver could not have been taken. Appellee filed a counter affidavit, opposing the continuance, alleging that the truck driver was in the army, and presently located at Camp Wolters, near Mineral Wells, that he had been confined by the military authorities for a considerable period of time on account of some infraction of military discipline, and that the military authorities would not permit him to attend the trial, but would allow his deposition to be taken. The order overruling the motion for continuance recites that the court postponed the trial until the following day, at which time attorneys for plaintiff and the State swore in open court that on the previous day they arranged with the military authorities to take the truck driver's deposition at the camp, and said attorneys also advised the court that they had arranged for a court reporter to take the deposition, and offered transportation to counsel for appellant for the taking of the deposition at Camp Wolters. Counsel for appellant refused to join in the taking of the deposition, and declared that he would go to trial without availing himself of the opportunity to take the deposition. Counsel for plaintiff and the State also declared that if the time arranged for taking the deposition was not convenient to counsel for appellant that arrangements had been made with the authorities for taking the deposition at any time during that week. The court announced in open court that the cause would be postponed until such deposition had been taken and written up by the court reporter and properly filed, and that a recess would be granted if necessary for the deposition to be taken, all of which counsel for appellant failed to take advantage of. The case had been set for trial on Monday, January 10th, and was postponed to

Wednesday of the same week for purposes mentioned. The order of the court finds that appellant failed under the circumstances to show diligence in connection with obtaining the testimony of said witness.

When appellant's contentions are examined in the light of the record, it appears that his complaint is not that he could not obtain the testimony of the truck driver, but that he could not obtain his personal appearance. Appellant's motion shows that the truck driver was then a prisoner of the military authorities. It was not alleged when he would be released. Reasonable arrangements were made to take his deposition, and it is evident that counsel for plaintiff and the State, and the court, were endeavoring to do everything that could be done to obtain his testimony. Appellant's counsel declined to avail himself of the opportunities offered. It is a matter of common knowledge that there is no quality of permanence in the location of a soldier at a given military camp. The showing made by appellant was not that he could not obtain the testimony of the witness, but, as we have suggested, that he could not obtain his personal appearance at the trial. Under the circumstances we see no error in the denial of the continuance. See our discussion and citation of authorities in Erback v. Donald, Tex.Civ.App., 170 S.W. 2d 289, writ of error refused for want of merit. See also Sanders v. Kansas City Life Ins. Co., Tex.Civ.App., 152 S.W. 2d 506, writ of error refused; and Marsh v. Williams, Tex.Civ.App., 154 S.W.2d 201, writ of error refused for want of merit.

Appellee made an agreed settlement of his compensation claim with the Highway Department. Complaint is made, in several respects, of the refusal of the court to allow evidence of the terms of the settlement, or what may have been said by the parties in their negotiations for the settlement. None of this evidence was admissible. The nature of the two claims, the one against the Highway Department and the other against the third party, are so entirely different, and so different are the rules of liability and the measure of damages applicable thereto, that the jury could only have been confused by being told the terms of the settlement. The fact of the settlement, or the amount paid, could shed no light upon the liability of the third party, or the amount of damages recoverable against the third party. As said by the Supreme Court of Alabama, in Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553, 557, supra:

"This file (pertaining to the settlement with the insurance carrier), and the papers constituting the file, shed no light on the issues, were res inter alios as to the parties to this suit, and wholly incompetent and immaterial. The only effect of this evidence was to becloud the issues in the case and divert the minds of the jury."

To the same effect is the opinion of the Supreme Court of Idaho, in Lebak et al. v. Nelson et al., 62 Idaho 96, 107 P.2d 1054.

Any supposed value that the fact of settlement, or the amount of it, or the negotiations leading up to it, could have as proof would be more than offset by the misleading effect it would likely have upon the jury.

Most if not all the testimony in question was properly excluded under other rules of evidence, but we do not consider that separate discussion of the seventeen points of error relating to exclusion of evidence is necessary since it all related to the settlement made with the Highway Department of its liability for compensation under the statute.

Under his twenty-second point of error appellant complains of the refusal of the trial court to permit the appellant, while on the stand, to testify as to the whereabouts of his truck driver at the time of the trial. The following are the questions and answers shown in the record pertaining to this matter.

"Q. The driver of this car I believe was a fellow name Minard? A. Yes.

"Q. Where is he now, Mr. Johnson?

"Mr. Hill (attorney for plaintiff): Do you know of your own knowledge, or is it believed upon what somebody has told you? A. I would have to say it is believed upon what my employees investigated and found out.

"Mr. Hill: We object to it as hearsay.

"The Court: I sustain the objection."

It appears obvious to us that the objection made was well taken, and properly sustained by the court. Appellant argues that the testimony was admissible under the rule, quoted from 17 Texas Jurisprudence, p. 533, allowing proof of certain matters by general reputation. The

flaw in the argument lies in the fact that we do not have here an offer to prove the driver's whereabouts by general reputation, but merely, as appellant testified, "upon what my employees investigated and found out."

Points of error twenty-three to twenty-five complain of certain portions of the argument of plaintiff's counsel to the jury. The argument complained of in the first of these points does not appear to be serious enough to require discussion. That complained of in the two latter points was objected to, and in each instance the court instructed the jury not to consider it. The charge made is that the argument was in effect an invitation to the jury to place themselves in the shoes of the plaintiff in considering the case. While we doubt if the argument made in this case was serious enough to require a reversal in any event, we are of opinion that the instructions of the court removed any harm that might have been done. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Texas & N. O. R. Co. v. Sturgeon, Tex.Sup., 177 S.W.2d 264.

Affirmed.

### On Motion for Rehearing

In his motion for rehearing appellant, among other things, requests that we also note in our opinion the finding of the trial court to the effect that appellant used diligence in trying to procure the personal attendance of the truck driver at the trial.

We quote the findings of the court in this respect.

"That under the circumstances, the court finds that the defendant failed to show due diligence in connection with the obtaining of the testimony of J. P. Minard prior to January 10, 1944, and that the defendant's counsel had opportunity to take such deposition after January 10, 1944, and failed to avail himself of the opportunity whereupon the court was of the opinion that the defendant's second motion for continuance should be overruled."

"The court further finds that the defendant used diligence in trying to procure the personal attendance of the witness but was unable to do so because of the witness being in custody of the Army authorities."

The two quotations, above shown, are taken from separate orders entered by the court, the latter being a nunc pro tunc entry, but they do not appear to be in conflict with each other. We do not see that the latter finding influences the result, since, as said in our original opinion, appellant's complaint appears not to be that he could not obtain the testimony of the witness, but that he could not obtain his personal appearance at the trial. This distinction is fully discussed in our original opinion.

The motion for rehearing is overruled.