# Central of Georgia Ry. Co. v. Stewart.

## Crossing Accident.

(Decided February 8, 1912. Rehearing denied June 29, 1912. 59 South. 507.)

1. *Appeal and Error; Review; Numbering Charges.*—The failure of a party requesting instructions to number them does not relieve the appellate court of the duty of considering them if assigned for error and insisted on; it being proper for the appellee or the court to number them for the purpose of reference.

[Central of Georgia Ry. Co. v. Stewart.]

2. *Railroads; Persons on Track; Instructions.*—A charge asserting that on the issue of discovered peril the burden of proof was on plaintiff to show to the reasonable satisfaction of the jury that the employees of defendant or some of them, in charge of the engine which killed decedent discovered him on the track in time to avoid injuring him by the exercise of due care and preventive effort, and after discovery of such peril, failed to exercise such care as a reasonably prudent man would have exercised to prevent the injury, tended to impress the jury with the idea that after discovering a person in the position of imminent peril, the only duty on defendant's engineer was to exercise ordinary care, when in fact he was bound to use all the appliances at hand promptly and in proper order known to prudent and skillful engineers to avert injury, and was hence, properly refused as misleading.

3. *Same; Duty of Employees.*—Charges requested by defendant asserting that the trainmen were under no duty to try to stop the train until they knew that decedent was not aware of its approach, or was not going to get off the track; but if the trainmen then exercised the usual care of an ordinarily prudent person under like circumstances, to stop or check the train, the plaintiff could not recover, even though a quicker or different method of handling the train might have stopped it or so reduced the speed as to have prevented killing decedent; also that even if the jury believed that the train could have been stopped in time to have avoided striking decedent after it became known to the trainmen that he was not going to get off the track, the jury could not for that reason, find a verdict for plaintiff, as defendant was not liable for such failure to stop the train as quickly as it might have been stopped, unless the stop was not made because of some failure of one or more of the trainmen to exercise the care of an ordinarily prudent man under the same circumstances, were properly refused as misleading.

4. *Same; Death; Willfulness.*—Where there were counts for willfulness, and the evidence was in conflict as to material facts on that question, the court properly refused to instruct for defendant under the willful counts.

5. *Death; Damages; Instruction.*—A charge asserting that if on all the evidence the jury should determine to award plaintiff damages, they could not in estimating the amount consider the pecuniary value of decedent's life, but could only award damages by way of punishment to defendant, and if the jury believed that damages in a small amount would be sufficient punishment for the act, omission or negligence of defendant's engineer, it would be unjust to award damage in a large amount was properly refused as misleading.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Charity B. Stewart, as administratrix, against Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count was for wanton or willful injury. The second count was for subsequent negligence after the discovery by the servants or agents of the defendant of the peril of plaintiff's intestate on or near the track, and of failure to use preventive effort by them to avoid injury.

The following are the charges refused to the defendant as numbered on the margin by this court: (7) "The burden of proof, in so far as count 2 of the complaint is concerned, is upon the plaintiff to show to your reasonable satisfaction that the defendant's employees, or some of them, in charge or control of the engine which killed plaintiff's intestate, discovered said intestate on the track in time to avoid injuring him by the exercise of due care and preventive efforts, and that, after the discovery of such peril, they failed to exercise such care as a reasonably prudent man would have exercised to prevent the injury." (8) "No one of the trainmen was under any duty to try to stop the train until they knew that Mr. Stewart was unaware of the approach of the train (or was not going to get off the track), and if they then exercised the usual care of an ordinarily prudent person under like circumstances to stop the train, or check its speed, the plaintiff is not entitled to recover, even though a quicker method or different method of handling the train might have stopped the train, or so reduced its speed as to have prevented killing Mr. Stewart." (9) "Even if the jury believe that the train could have been stopped in time to have avoided striking Mr. Stewart, after it became known to the trainmen that he was not going to step off the track, you cannot for that reason find a verdict for the plaintiff; but the defendant is not liable for such failure to stop the train as quickly as it might have been stopped, unless the stop was not more quickly

made because of some failure of one or more of the trainmen to exercise the care of an ordinarily prudent person under the same circumstances." (3) Affirmative charges as to the first count. (10) "If, after a careful consideration of all the evidence, the jury should determine to award plaintiff damages, they cannot in estimating the amount consider the pecuniary value of the life of Stewart, but can only award damages by way of punishment to the defendant, and if the jury believe that damages in a small amount would be sufficient punishment for the act, omission, or negligence of its engineer, it would be unjust to award damages in a large amount."

LONDON & FITTS, for appellant. The charge made the basis of the first assignment of error should have been given.—*Brown's Case,* 121 Ala. 221; *Lamb's Case,* 124 Ala. 172; *Webb's Case,* 97 Ala. 308; *Burgess' Case,* 116 Ala. 509; *Johnson's Case,* 149 Ala. 529; *Foshee's Case,* 125 Ala. 226; *Hessing's Case,* 91 Ala. 514. Such burden is not affected by section 5476, Code 1907.— *So. Ry. v. Smith,* 163 Ala. 174. The charges made the basis of assignments 2 and 3 should have been given.— *L. & N. v. Young,* 153 Ala. 232. There was no evidence of wantonness, and the court should have directed a verdict for defendant under the wanton count.—*N. C. & St. L. v. Harris,* 142 Ala. 249. The charge properly fixed the rule for finding damages under the pleadings in this case.—*Randall's Case,* 53 South. 920.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. The court will not consider charges unless they are numbered.—*Gibson v. State,* 89 Ala. 122; *Martin v. State,* 56 South. 3. Confusing and involved charges are properly refused.—*Henderson v. State,* 120 Ala. 360. The

charges requested in this case did not hypothesize that measure of duty required of an engineer in the management of his train.—*B. R. L. & P. Co. v. Randall,* 158 Ala. 532; *B. R. L. & P. Co. v. Williams,* 158 Ala. 381; *Turner v. L. & N.,* 60 Ala. 634; *L. & N. v. Young,* 153 Ala. 232; *S. A. M. v. Butts,* 43 Ala. 385; *So. Ry. v. Smith,* 163 Ala. 174.

SIMPSON, J.—This is an action by the appellee for damages on account of the death of plaintiff's intestate, caused by injuries received by being struck by defendant's train of cars.

While the practice of submitting a number of charges, without numbering them, is to be condemned, and trial courts should see that charges are numbered, so that they can be conveniently referred to, yet the failure to number them does not relieve this court from the duty of considering them. We generally place a number on the margin of the record ourselves for reference, and there is no objection to the appellee's doing so.

There was no error in the refusal to give the charge which we have numbered 7, requested by the defendant. The cases referred to by counsel for appellant, in speaking of subsequent negligence, use the terms "due care," "preventive effort," etc., but do not discuss the degree of care required. The charge is misleading, as tending to impress the jury with the idea that, after discovering a person in a position of imminent peril, the duty of the engineer is no more than to exercise "such care as a reasonable and prudent man would have exercised to prevent the injury," whereas his duty is "to do all in his power, to use all applications at hand promptly and in proper order, known to prudent and skillful engineers," to avert the injury.—*L. & N. R. R. Co. v.*

*Young,* 153 Ala. 232, 236, 45 South. 238, 240 (16 L. R. A. [N. S.] 301).

For the same reason, the refusal to give charges 8 and 9 is without error.

In the case of *Southern Railway Co. v. Smith,* 163 Ala. 174, 177, 183, 50 South. 390, this court failed to notice the misleading tendency of charge 2, and classed it among other charges which should have been given. That part of the opinion in that case referring to charge 2 is overruled.

After a careful examination of the evidence in this case, the court finds that, there being a conflict in the evidence as to material facts, the question of wantonness, willfulness, or intentional conduct was for the jury to consider and determine. Consequently there was no error in the refusal of the court to give charge 3, requested by the defendant.

There was no error in the refusal to give charge 10, requested by the defendant. It possessed misleading tendencies, as pointed out in *Coleman v. Pepper,* 159 Ala. 310, 314, 49 South. 310; *Randle v. B. R. L. & P. Co.,* 169 Ala. 314, 53 South. 918, 920.

Having in view the principles established by the decisions of this court, in passing upon the refusal of the court below to grant a new trial, we cannot say that the court erred in refusing to grant a new trial.

The judgment of the court is affirmed.

Affirmed. All the Justices concur.