(97 South. 842)

## BICKERSTAFF v. ILLINOIS CENT. R. CO.
## (6 Div. 825.)

(Supreme Court of Alabama. Nov. 8, 1923.)

Railroads ⬳400(1)—Evidence held to sustain directed verdict for railroad.

In a case where there were no eyewitnesses to the striking of deceased while walking on the railroad track, evidence *held* to sustain directed verdict for the railroad.

Appeal from Circuit Court, Marion County; J. J. Curtis, Judge.

Action for damages by Robert Bickerstaff, as administrator of the estate of Linclon Bickerstaff, deceased, against the Illinois Central Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Plaintiff's intestate, Linclon Bickerstaff, was killed by one of defendant's trains, running about 25 miles an hour, at a point about half a mile from the depot of Hackleburg, and just within its corporate limits. The complaint is in two counts, one for subsequent negligence, and one for wanton injury.

No one appears to have seen the collision. Plaintiff examined one witness who testified that he went to the scene of the killing immediately afterward, and found the intestate "bruised up," and "saw some blood running out of his head." The train crew were gathered around him, and "he was picked up on the end of ties." The only wound shown was over the left ear, running to the back of the head, and taking off a piece of his skull. No one saw intestate just before the time of the collision, and in defendant's answers to interrogatories (introduced in evidence by plaintiff) it was stated that the engineer was keeping a lookout at the time, but that neither he nor the fireman saw intestate before he was struck.

In answer to an interrogatory to "state whether he was killed at or near a station, and, if so, what station, and how far from the same and what direction?" defendant answered that intestate was killed by one of its trains, and that "he was killed on said track about one mile south of Hackleburg, Marion County, Ala." In answer to another interrogatory, "Was the said [intestate] on the left side of said railroad, or was he on the right side of said railroad, at the time he was killed?" defendant answered that "looking south [intestate] was on the left side of said railroad at the time he was killed."

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiff sought to show by other testimony that the railroad track at the place where intestate was killed was used by the public in numbers and with frequency, and that the neighborhood was populous.

The trial judge instructed the jury, with hypothesis, to find for the defendant, and there was a verdict with judgment accordingly.

W. L. Chenault, of Russellville, and E. B. Fite, of Hamilton, for appellant.

Failure to give warning signals of approach to a point on the track frequently traveled by persons is wanton negligence. Payne v. Roy, 206 Ala. 432, 90 South. 605; So. Ry. v. Stewart, 179 Ala. 304, 60 South. 927; M. & C. v. Martin, 117 Ala. 367, 23 South. 231. Whether the engineer kept a lookout was a question for the jury. C. of Ga. v. Ellison, 199 Ala. 571, 75 South. 159; So. Ry. v. Shelton, 136 Ala. 191, 34 South. 194.

W. C. Davis, of Jasper, and Percy, Benners & Burr, of Birmingham, for appellee.

The mere fact that intestate was killed will not support an inference that he was on the track in front of the engine, or that the engineer saw him. Carlisle v. A. G. S., 166 Ala. 591, 52 South. 341. To be guilty of subsequent negligence, the engineer must have actually seen intestate, and, discovering his peril, failed to do some act to conserve his safety. Anniston Elec. Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; So. Ry. v. Drake, 166 Ala. 541, 51 South. 996; C. of G. v. Ellison, 199 Ala. 571, 75 South. 159.

SOMERVILLE, J. The evidence has no tendency whatever to show that the engineer or fireman discovered the presence of the intestate on the track, or in dangerous proximity thereto, before he was struck by the train. His position on the end of the cross-ties, and the nature of his one wound on the head, render wholly untenable the theory that he was killed while on the track in front of the train, nor does defendant's answer to the second interrogatory make such a concession. Conceding, however, that he was struck while on the track, either between the rails or on the ends of the cross-ties, there is nothing to show that he ever was within the vision of the engineer who was keeping a lookout. For, so far as appears, intestate may have stepped suddenly on the track at the moment he was struck, or he may have stepped up against the side of the engine or of a car.

The evidence wholly failed to make out a case under either count of the complaint, and the trial judge properly gave the general affirmative charge for defendant. So. Ry. Co. v. Shirley, 189 Ala. 569, 574, 66 South. 511; Carlisle v. A. G. S. R., 166 Ala. 591, 52 South. 341; Northern Ala. R. R. Co. v. Henson, post, p. 356, 98 South. 18.

We have examined the testimony offered by plaintiff as to the public use of the track at the point of collision, and it falls very far short of showing such a neighboring population and such frequency of use by the public as to charge the enginemen with notice that some one would probably be in an exposed position on the track and would probably be injured in the absence of due precautions in the operation of the train. But, even had the evidence been sufficient in that respect, it does not appear that the train was negligently operated; that is, at a high and dangerous rate of speed, or without lookout or warning signals. Nor does the evidence bring intestate within the protection of the duty owed by the railroad under such conditions to one using the railroad track as a longitudinal passageway, for it does not appear that intestate was using the track in that way. So. Ry. Co. v. Stewart, 179 Ala. 304, 60 South. 927.

A number of other rulings of the trial court are assigned for error, but if every one of those rulings had been in defendant's favor it would have made no difference in the result; that is to say, it would not have aided plaintiff's case, and would not have avoided the giving of the general affirmative charge for defendant. It is useless, therefore, to consider them.

We think the jury were properly instructed, and we find no prejudicial error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.