144 So. 9

### CENTRAL OF GEORGIA RY. CO. v. BATES.

7 Div. 109.

Supreme Court of Alabama.

Oct. 13, 1932.

Rehearing Denied Nov. 3, 1932.

L. H. Ellis, of Columbiana, for appellee.

Nesbit, Sadler & Dunn, of Birmingham, for appellant.

## THOMAS, J.

The suit was for damages for wrongful death. The trial was had on count 3 for subsequent negligence and count AA charging "such servant, servants, agent or agents of the defendant wantonly, wilfully, intentionally and wrongfully caused the engine of said train or some part thereof to run upon, over or against plaintiff's intestate, and as a proximate consequence thereof she was killed." The pleas thereto were in short by consent.

The refusal of the general affirmative charge as to count AA is assigned as error.

The distinction between wanton misconduct as applied to negligence resulting in injury, and intentional wrong, is well stated by our decisions. Allison Coal & Transfer Co. v. Davis, 221 Ala. 334, 129 So. 9; Birmingham Ry. L. & P. Co. v. Landrum, 153 Ala

192, 194, 45 So. 198, 127 Am. St. Rep. 25; Southern Ry. Co. v. Benefield; 172 Ala. 588, 55 So. 252, 35 L. R. A. (N. S.) 420; Ashley v. McMurray, 222 Ala. 32, 130 So. 401; Memphis & Charleston Railroad Co. v. Martin, 117 Ala. 367, 382, 23 So. 231; Birmingham Railway & Electric Co. v. Bowers, 110 Ala. 328, 331, 20 So. 345; Louisville & Nashville Railroad Co. v. Anchors, Adm'r, 114 Ala. 492, 22 So. 279, 62 Am. St. Rep. 116; Central of Georgia Ry. Co. v. Corbitt, 218 Ala. 410, 118 So. 755; Jones v. Keith, 223 Ala. 36, 134 So. 630; Alabama Power Co. v. Gooch, 221 Ala. 325, 128 So. 793. In the present case it is necessary to consider whether or not there was sufficient evidence to justify a finding that the engineer, not merely was guilty of indifference' to the consequences of his conscious conduct, but had the purpose to injure the person he did injure; the person he saw in danger or within the zone of danger at or near the time of such injury. The evidence has been carefully examined, and the question of wantonness and subsequent negligence is clearly warranted under the evidence. Southern Railway Co. v. Smith, 177 Ala. 367, 58 So. 429; Turbeville v. Mobile Light & Ry. Co., 221 Ala. 91, 127 So. 519; Central of Georgia Ry. Co. v. Stewart, 178 Ala. 651, 59 So. 507. Such were the adverse inferences within the evidence. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. Count AA charges wantonness and willful injury conjunctively. As to the element of willful injury, the preventive means which the evidence shows were resorted to by the engineer are inconsistent with the purpose and design to injure or kill deceased Walker v. Alabama, Tennessee & Northern Ry. Co., 194 Ala. 360, 70 So. 125; Rush v. Central of Georgia Ry. Co., 223 Ala. 119, 134 So. 619. The burden of proof as to the willful intent to injure was upon the plaintiff. Smith v. Louisville & Nashville R. R. Co., 219 Ala. 676, 679, 123 So. 57, and authorities; Central of Georgia Ry. Co. v. Graham. 220 Ala. 645, 127 So. 213.

█ The rule as to negligence, after discovery of peril, has been fully stated by this court; it is predicated on actual knowledge of peril, and failure to take due and available preventive action. Copeland v. Central of Georgia Ry. Co., 213 Ala. 620, 105 So. 809; Snyder v. Mobile Light & Ry. Co., 214 Ala. 310, 312, 107 So. 451; Turbeville v. Mobile Light & R. Co., 221 Ala. 91, 95, 127 So. 519; Bickerstaff v. Illinois Central R. Co., 210 Ala. 280, 97 So. 842; Central of Georgia Ry. Co. v. Blackmon, 169 Ala. 304, 53 So. 805; Illinois Central Ry. Co. v. Martin, 213 Ala. 617, 619, 105 So. 805. The injury was 200 yards from the crossing; there was no intervening obstruction; the engineer had immediately theretofore seen the deceased about three or four hundred yards down the track; the situation at the crossing had cleared; he knew the circumstances of time, place, and distance within the town, and the constant and actual use of the walkway along the track; the decedent was proceeding with her back to the advancing train against the wind that was blowing, and she was in dangerous proximity to the track on which his engine was rapidly proceeding, and the engineer employed the only preventive means and agencies at hand from and after he had approached within ninety feet of Mrs. Bates. The engineer's statement, among other things, was: "I saw people walking along the right of way there at Sylacauga practically all of the time. There is not anything new or unusual to see somebody walking along the right of way between 8th Street and Sylacauga. When I first saw Mrs. Bates I was, I guess, not 300 or 400 yards before I began to notice her. I could have seen her further than that but I could not focus my eyes on one object for if I had I might have missed something else. When I first saw Mrs. Bates she was between the main line and the switch track. That would be on the right hand side of the main line. As I was riding at 8th Street crossing my attention was attracted to the automobile and before that I was blowing the road crossing signal and she stepped over on the switch track which was in the clear of the main line and when I looked around she was still on the switch track and I kept going and when I got in about 90 feet of her she stepped over the right rail of the main line. That would be my right hand rail or to her left. I did not notice a dog there. When I saw her start toward the main line I grabbed the brakes with one hand and the whistle with the other. There is nothing else that I could have done."

On cross-examination, the witness stated: "I blew the whistle when she started toward the main line, about 90 feet from her. It is not a fact that I blew the whistle and struck her instantaneously. I don't suppose I blew over two or three times."

█ As opposed to this statement, there are adverse tendencies of evidence as to the fact that the whistle was not sounded before, but only at the time Mrs. Bates was struck by the engine, and that she was walking on the track and did not step over the right rail of the main line. We are of opinion that the facts warranted submission to the jury of controverted facts, and reasonable inferences therefrom, under count 3.

█ We are further of opinion that the affirmative charge requested by defendant as to count AA should have been given.

██ There was no error in refusing charge 22 for that the engineer may have kept a proper lookout and given proper signals, and yet the jury may have reasonably inferred that he made no effort to stop or reduce the speed of the train, so that he did not give timely signals. Conceding without deciding that the charge (charge 22) was proper (Saginaw Lime & Lbr. Co. v. Hale, 202 Ala. 513, 81 So.

15), refusal was without error, since the subject was fully covered by the oral charge, and the defendant had full benefit thereof.

It is unnecessary that we pass upon the rulings on the motion for a new trial, since the cause is to be reversed on the refusal of the affirmative charge as to count AA.

The foregoing will sufficiently guide as to another trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.