231 So.2d 302

**Charles BROOKS, as Administrator of the Estate of Jewell Brooks, Deceased**

**v.**

**Manley COX, Jr.**

**7 Div. 860.**

Supreme Court of Alabama.

Feb. 5, 1970.

———◆———

Merrill, Merrill, Vardaman & Williams, Anniston, for appellant.

Fred Ray Lybrand, Anniston, for appellee.

MADDOX, Justice.

The appellant, Charles Brooks, who was the plaintiff in the court below, sues as the administrator of the estate of his deceased wife, Jewell Brooks, who died in a car-truck collision at the intersection of the Choccolocco and Iron City Road and Highway 9 in Calhoun County, Alabama. The deceased was a passenger in an automobile driven by the appellant's daughter, Mrs. Moran. The driver of the pickup truck was the appellee, Manley Cox, Jr.

At the trial Mrs. Moran testified that she was traveling east on the Choccolocco Road and that as she approached a stop sign on that road at the west side of the Highway 9 intersection she came to a complete stop. Mrs. Moran then testified that she looked north and saw a car approaching about one-fourth of a mile away, but that she did not see the pickup truck approaching the intersection from the south. She then stated that she started across Highway 9 intending to proceed east on the Choccolocco Road, but before she could get across the intersection the truck struck the right front side of the Moran car where appellant's intestate was a passenger. Further evidence showed that the truck remained near its lane at the east side of the intersection after the impact, and the car came to rest some 90 feet to the northeast of the intersection.

It is undisputed that Mrs. Moran could see three-fourths of a mile to the south, the direction from which the truck approached the intersection, and that it was a clear day.

Appellant's assignments of error 1 and 2 are that the trial court erred in granting the affirmative charge to the defendant. The appellant argues that the case should have been submitted to the jury since the testimony produced at least a scintilla of evidence as to the negligence of the defendant. Appellant invokes the scintilla doctrine on the basis of photographs of the vehicles showing damage which appellant argues as evidence of excessive speed and also the testimony previously outlined. Appellant also asserts that the driver of the truck did not apply his brakes or blow his horn to warn the driver of the Moran car of his approach, but there is nothing in ·

the record to either support or deny these assertions. Appellant contends that he presented evidence of primary negligence or at least subsequent negligence on the part of Cox.

■ Mrs. Moran testified that she had an unobstructed view for three-fourths of a mile in the direction from which the truck approached the intersection. On motion for a new trial, appellant introduced affidavits of two boys who said that they had seen the speedometer of the truck just after the accident and that it was stuck on 90 miles per hour. Even assuming, without deciding, that the truck was traveling at this speed and that this evidence would have been admissible, it would have taken 30 seconds for the truck to travel a distance of three-fourths of a mile, the field of Mrs. Moran's view according to her testimony. We cannot say from the evidence presented that the trial court was wrong in granting defendant the affirmative charge. In the case of Rota v. Combs, 267 Ala. 50, 99 So.2d 692 (1958), we said:

" * * * We recognize, of course, that * * * the scintilla doctrine prevails in this state, but this does not at all conflict with the equally well-known rule that a conclusion as to liability which rests upon speculation pure and simple is not the proper basis for a verdict.' * * * *"

■ As to the question of subsequent negligence on the part of Cox, we must note that there is nothing *in the record* to show that the defendant had actual knowledge of the car's position at the intersection. Our cases hold that the defendant must have actual knowledge of the perilous position of the person injured and fail to take due and preventive care. See Central of Georgia Ry. v. Bates, 225 Ala. 519, 144 So. 9 (1932); Honeycutt v. Birmingham Electric Co., 236 Ala. 221, 181 So. 772 (1938).

■ By assignment of error number 3, appellant claims that the trial court abused its discretion in not allowing the plaintiff to reopen his case and to present further evidence. After both parties rested, the defendant moved to exclude the plaintiff's evidence. The trial court granted this motion, but later dismissed it as not being a proper motion in a civil suit. The defendant then asked for the affirmative charge. At this time the plaintiff immediately moved that the case be reopened so that he might present further evidence. The trial court denied plaintiff's motion to reopen the case, granted defendant the affirmative charge, and subsequently denied plaintiff's motion for a new trial.

On the motion to reopen the case, plaintiff offered to show that he had a witness who would testify that he talked to the defendant after the accident at which time Cox stated he did not see the car until he was upon it because his attention was on another car at a point north of the intersection. Appellant does not show why this evidence was not introduced before he rested his case or why it was unavailable. In the case of Mooneyham v. Herring, 204 Ala. 332, 85 So. 390 (1920), we said:

* * * "But it seems to be well settled that it is not an abuse of discretion for the trial court to refuse to open a case to admit further evidence, where the party, knowing of the evidence and it being available, neglected to offer it in the first instance, and gives no satisfactory excuse for such neglect. * * * "

We are not presented with any basis for overturning the trial court's discretionary ruling that the case should not be reopened.

■ Appellant's final assignment of error is that the trial court erred in overruling his motion for a new trial in which plaintiff asked the court to set aside its former judgment on the jury's verdict on the grounds, among others, that "justice might be done," and that "in view of the additional evidence which could be shown at a new trial." At the argument on the motion for a new trial, plaintiff presented four affidavits as to circumstances surrounding the accident. Our examination of

these affidavits fails to show that the trial court was plainly and palpably in error in refusing to grant a new trial. We are unable to hold that the trial court committed error in refusing to grant a new trial in order for "additional evidence" to be introduced. There is a strong presumption of correctness which attaches to the trial judge's discretionary refusal of a motion for a new trial. A much followed case in our jurisdiction is Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 91 So.2d 828 (1957), where we held:

"It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error. * * *"

The judgment of the trial court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, and HARWOOD, JJ., concur.