This is a negligence case. The plaintiff appeals from the denial of her motion for new trial. She contends the jury awarded her inadequate damages. We agree and reverse and remand. *Page 1101 
The evidence showed that plaintiff was a passenger in an automobile struck by the defendant's automobile. The plaintiff suffered a dislocation of her left fourth finger and a broken nose. Her finger required surgery under local anesthesia. Because of this injury, plaintiff sustained a four percent disability of her left hand. Plaintiff proved medical bills and automobile expense totaling $526.11. She was not able to return to her employment at Gulf States Paper Company from the time of her injury on June 24, 1977, until she secured a doctor's release on December 31, 1977. However, Gulf State closed due to a strike on October 25, 1977 and never reopened. Her weekly take-home pay before the injury was $160. The jury returned a verdict for plaintiff in the amount of $2,000.
Plaintiff contends that she was entitled to recover at least an amount equal to the uncontradicted evidence of medical bills, automobile expense, and lost wages. She also contends that the verdict should have included an award for pain and suffering.
Defendant, on the other hand, concedes that plaintiff proved $526.11 in damages for medical and automobile expense, but argues that her damages from lost wages were not undisputed and should be left to the jury's determination. Defendant argues that since the plaintiff's lost wages were disputed, a portion of the jury's verdict could have represented damages for pain and suffering.
In reversing the trial court we are not unmindful of the governing principles in cases of this type. As a general rule a jury verdict is presumed to be correct and should not be set aside on the ground of inadequacy unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice or improper motive. Roland v.Krazy Glue, Inc., 342 So.2d 383 (Ala.Civ.App. 1977). In addition, there is a strong presumption of correctness which attaches to a trial court's refusal of a motion for new trial.Brooks v. Cox, 285 Ala. 267, 231 So.2d 302 (1970). However, in the recent case of Williams v. Williamson Truck Lines, Inc.,353 So.2d 1172 (Ala.Civ.App. 1978), we held that a jury verdict for damages cannot stand if it varies from an uncontradicted opinion of value. Furthermore, the jury may not disregard the testimony of competent witnesses and substitute its own conclusions for undisputed evidence. Deal v. Johnson,362 So.2d 214 (Ala. 1978).
We have said that defendant concedes that plaintiff proved damages in the amount of $526.11 for medical and automobile expenses. There was no dispute that her weekly wage before the injury was $160. It was undisputed that because of her injury she was unable to work at her job as a bag machine operator from June 24 until the plant was closed by a strike on October 25, 1977, and could not have worked at her job in any event until December 31, 1977. Defendant's answer to this undisputed evidence is that the jury could have concluded that all of plaintiff's wage loss was not proximately caused by her injury. We cannot agree with that contention. Although plaintiff's loss in wages after October 25 might be contended to have resulted in any event because of the employee strike, there can be no question from the evidence that she could not work from her injury until the plant closed on October 25. Dr. Buckley testified that because of the nature of plaintiff's employment and the impairment of her injured hand, she was not capable of returning to work until December 31. Thus it is undisputed that plaintiff lost seventeen weeks' employment between June 24 and October 25 as a direct result of her injury. At $160 per week, plaintiff's damages from lost wages should have been at least $2,720. That amount plus the conceded $526.11 totals $3,246.11, without any damage for pain and suffering.
The jury's verdict of $2,000 for the plaintiff was clearly inadequate in that it failed to compensate her even for the full amount of special damages without any compensation for pain and suffering. The trial court erred in not granting plaintiff a new trial and must be reversed. Williams v.Williamson Truck Lines, Inc., supra.
REVERSED AND REMANDED. *Page 1102 
BRADLEY, J., concurs.
HOLMES, J., dissents.